# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JAISSON CASTANEDA,<br><br>      Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Jaisson Castaneda ("Plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2. Defendant Experian has been reporting inaccurate information on Plaintiff's Mercedes Benz Financial ("Mercedes") account. Plaintiff had previously defaulted on an auto financing loan, which caused Plaintiff's car to be repossessed. Nevertheless, Defendant reported misleading and inaccurate information suggesting that Plaintiff was the subject of multiple discrete repossessions. Plaintiff submitted

1

a dispute through Defendant Experian's FCRA compliance department. Defendant, however, failed to remove the misleading repossession notations.

3. To make matters worse, Defendant penalized Plaintiff for submitting a dispute by adding an additional *four* notations to the account. This reporting was materially misleading and caused Plaintiff's credit score to suffer.

4. As a result of Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress. Accordingly, Plaintiff is entitled to damages.

## PARTIES

5. Plaintiff resides in Orlando, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

6. Defendant Experian is an Ohio corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" under the FCRA.

## JURISDICTION AND VENUE

7. The claims asserted in this complaint arise under §§ 1681e and 1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

### A. The FCRA

9. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. § 1681a.

10. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and appropriately and timely correct any inaccuracies.

11. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

12. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA.

**B.      Defendant Reported Misleading and Inaccurate Information Indicating Multiple Repossessions and Failed to Correct the Reporting in Response to Plaintiff's Dispute**

13.    Plaintiff had previously experienced financial hardship and defaulted on an auto financing loan.  As a result, Plaintiff's car was repossessed.

14.    In December 2020, Plaintiff obtained a copy of her Experian credit report and learned that Experian was issuing credit reports indicating that Plaintiff's past delinquency had resulted in multiple repossessions of Plaintiff's collateral. Specifically, "R" notations were added to Plaintiff's Mercedes tradeline for 60 months between November 2015 and November 2020.

15.    This reporting conveyed that Plaintiff's delinquency was so substantial that it required the lender to repossess multiple different items of collateral, or to possess the same item on multiple occasions.

16.    On January 20, 2021, Plaintiff submitted a written dispute through Experian's FCRA compliance department requesting an investigation and removal of the misleading "R" notations.

17.    Upon receiving Plaintiff's dispute letter, Experian was statutorily obligated to notify the furnisher, Mercedes, of the dispute within 5 days.

18.    The receipt of Plaintiff's dispute letter triggered Equifax and Mercedes's statutory obligations to conduct an investigation, mark the account as

disputed, and remove the misleading and negative "R" notations from Plaintiff's account.

19. Defendant, however, failed to conduct an investigation, and failed to remove the erroneous "R" notations.

20. Worse yet, instead of removing the erroneous notations, Defendant modified Plaintiff's credit report to make it appear that Plaintiff was the subject of *additional* discrete repossessions. Specifically, Defendants added an additional *four* "R" notations to the payment history field between the months of December 2020 and March 2021.

21. This addition of the "R" notations was materially misleading and caused Plaintiff's credit score to suffer.

22. Accordingly, Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and expenses.

## CAUSES OF ACTION

## COUNT I

### Against Experian for Violating 15 U.S.C. § 1681e and 1681i

23. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

24. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports. *See* 15 U.S.C. § 1681e(b).

25. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report. *See id.* § 1681i.

26. Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

27. Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate "R" notations. Had it performed a reasonable investigation, Experian would have determined that the repossession information as reported by Mercedes was inaccurate and should be omitted from its credit reporting.

28. Experian's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

29. As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 3, 2021                    **COHEN & MIZRAHI LLP**

*/s/ Yosef Steinmetz*
YOSEF STEINMETZ
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Phone: 929/575-4175
Fax: 929/575-4195
ysteinmetz@cmlattorneys.com

*Attorney for Plaintiff*