# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JAISSON CASTANEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 6:21-cv-00972-PGB-EJK |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Jaisson Castaneda's ("Plaintiff") Complaint (the "Complaint") as follows:

### PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

2. In response to paragraph 2 of the Complaint, Experian denies, generally and specifically, any and all allegations of inaccurate or misleading credit reporting by Experian. As to the remaining allegations in paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## PARTIES

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation. Experian also admits that it is qualified to do business and conducts business in the State of Florida. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. In response to paragraph 7 of the Complaint, Experian admits that the Complaint purports to state claims under the FCRA. Experian denies that it has violated the FCRA. Experian also admits that Plaintiff has alleged jurisdiction

based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission.

## **FACTUAL ALLEGATIONS**

9. In response to paragraph 9 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith.

10. In response to paragraph 10 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

in paragraph 11 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT ONE

23. Experian incorporates paragraphs 1 through 22 as though fully stated herein.

24. In response to paragraph 24 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 24 inconsistent therewith.

25. In response to paragraph 25 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## DAMAGES

Further answering each and every paragraph of the Complaint, Experian denies any and all allegations not specifically admitted above. Experian further denies that Plaintiff is entitled to any relief, including the relief requested in the "PRAYER FOR RELIEF" paragraph and subsections of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Immunity)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### NINTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### TENTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper. To the extent Plaintiff seeks punitive damages, his claims for exemplary or punitive damages violate the Due Process Clause of the Fifth Amendment.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State Claim)

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert more affirmative defenses at such time and to such extent as warranted by discovery and factual development in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: July 6, 2021          Respectfully submitted,

                                         */s/ Tom K. Schulte*
                                         Tom K. Schulte
                                         Florida Bar No. 1025692
                                         JONES DAY
                                         600 Brickell Avenue, Suite 3300
                                         Miami, FL 33131
                                         Telephone: (305) 714-9700
                                         Facsimile: (305) 714-9799
                                         Email: tschulte@jonesday.com

                                         *Attorney for Defendant*
                                         *Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 6, 2021, I electronically filed a true and accurate copy of the foregoing with the Clerk of Court via CM/ECF, which will send electronic notice of the same to all parties of record.

                                         */s/ Tom K. Schulte*
                                         Tom K. Schulte

                                         *Attorney for Defendant*
                                         *Experian Information Solutions, Inc.*